O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **JOSE ANTONIO BONUGLI**, | § § | |
| *Petitioner*, | § § | |
| v. | § § | Civil Action No. 5:07-cv-50 |
| | § | Criminal No. 5:02-cr-1091 |
| | § § | |
| **UNITED STATES**, | § § | |
| *Respondent*. | § § § | |

## OPINION & ORDER

Pending before the Court is Petitioner Jose Antonio Bonugli's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, [Cr. Dkt. No. 83], as well as his Motion to Proceed *In Forma Pauperis*, [Dkt. No. 2]. Upon due consideration of Petitioner's arguments and the governing law, the Court DISMISSES both Motions.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

On January 8, 2003, Petitioner was found guilty of conspiracy to possess with the intent to distribute in excess of 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B). [Cr. Dkt. No. 55]. He was subsequently sentenced to 210 months imprisonment. On February 6, 2006, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. [Cr. Dkt. No. 79]. Because Petitioner did not pursue a writ of certiorari, the judgment became final ninety days thereafter.

On April 16, 2007, Petitioner filed the § 2255 Motion now before the Court, arguing that he suffered ineffective assistance of counsel because: (1) counsel at sentencing "failed to argue that

the government had failed to demonstrate that [Petitioner] was in fact an organizer" of the conspiracy; (2) counsel failed "to argue properly [that] the [two] level enhancement [of Petitioner's offense level] for perjury" was inappropriate; (3) counsel failed to sufficiently argue and present evidence that Petitioner's offense did not involve a particular 700 pound load of marijuana, a quantity which served to elevate Petitioner's offense level for sentencing purposes; (4) appellate counsel failed to properly advance a *Booker* argument on direct appeal; and (5) appellate counsel failed to file an application for writ of certiorari with the United States Supreme Court upon the Fifth Circuit's affirmation of Petitioner's sentence and conviction. [Cr. Dkt. No. 83, 4-7]. Along with his § 2255 Motion, Petitioner moved to proceed *in forma pauperis*, [Dkt. No. 2].

## II.   DISCUSSION

As a preliminary matter, Petitioner need not be granted *in forma pauperis* status in order to proceed with his § 2255 Motion. *See United States v. Avila-Saldana*, 2007 U.S. Dist. Lexis 1482 (S.D. Tex. 2007) ("[T]o the extent that [the petitioner] seeks to obtain *in forma pauperis* status for purposes of filing fees, there is no need for such status."); *Arredondo v. United States*, 2006 U.S. Dist. Lexis 63135 (S.D. Tex. 2006) ("No filing fee is required in a case filed under 28 U.S.C. § 2255. Therefore, petitioner has no need to proceed *in forma pauperis* at this stage of the proceeding."). Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis*, [Dkt. No. 2], is DISMISSED as moot.

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the

face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255." *United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*: a habeas petitioner claiming ineffective assistance must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Id.* at 687. Since a reviewing court may address these prongs in either order, *id.* at 697, to the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will focus primarily on whether Petitioner, based on the record and allegations as they currently stand, is precluded from demonstrating prejudice.

**A.  Counsel's Failure to Challenge "Organizer" Enhancement**

Petitioner first argues that he suffered ineffective assistance because counsel failed, at sentencing, to challenge the government's proposed offense level enhancement based on Petitioner's role as an "organizer" of the conspiracy. Despite Petitioner's impression to the contrary, counsel did challenge, orally and in writing, the upward role adjustment as improper. [Sent. Tr. at 8; Def's Obj. to PSR, ¶ 6]. Additionally, to the extent Petitioner argues that counsel should have advanced the argument more aggressively, he cannot show prejudice, as the sentencing judge, in the face of counsel's argument, characterized the evidence of Petitioner's role as "ample" and "overwhelming." [Sent. Tr. at 8-9]. Thus, there is no viable ineffective assistance claim here.

### B. Counsel's Failure to Properly Challenge Perjury Enhancement

Petitioner believes his sentence was enhanced based on a finding that he committed perjury at trial. He is mistaken. Although the government recommended a higher offense level based on obstruction of justice, the sentencing judge did not adopt this recommendation.

### C. Counsel's Failure to Argue Drug Quantity

The indictment charged, and the jury specifically found, that Petitioner conspired to possess in excess of 1,000 kilograms of marijuana. The marijuana in question was actually seized as two separate caches, one in a trailer weighing approximately 1,620 pounds, and another weighing approximately 700 pounds, found at the home of a truck driver employed by Petitioner. Only by aggregating these quantities could the government prove that Petitioner's offense involved "in excess of 1,000 kilograms of marijuana." As such, Petitioner argues that he suffered ineffective assistance by way of counsel's failure to challenge the consideration of the aforementioned 700 pound marijuana load at sentencing.

First, counsel did object to the government's recommendation to aggregate the two marijuana loads for the purposes of sentencing. [Sent. Tr. at 3-4]. Second, to the extent Petitioner argues that counsel should have pursued the matter differently, Petitioner cannot prove prejudice, as the jury found Petitioner guilty of conspiracy to posses *specifically* in excess of 1,000 kilograms of marijuana. [Criminal Folder, Tab 60 at 6-7]. Petitioner provides no basis on which to conclude that the sentencing judge would have ignored the jury's finding that Petitioner's crime, beyond a reasonable doubt, involved over 1,000 kilograms of marijuana. Accordingly, even assuming that counsel's efforts in attempting to convince the court to ignore the 700 pound marijuana load was

objectively unreasonable—a charitable assumption—Petitioner cannot plausibly demonstrate prejudice.[1]

### D. Appellate Counsel's Failure to Advance a *Booker* Argument

Petitioner next argues that he suffered ineffective assistance by way of appellate counsel's failure to "properly argue that under *Booker*'s [sic] decision, the material facts outside of the charging documents needed to be presented to the jury." [Dkt. No. 83 at 7].

Petitioner refers to the Supreme Court's decision in *United States v. Booker*, where the Court held that "any fact (other than a prior conviction) which [is] necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty, or a jury verdict, must be [either] admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244 (2005).

Despite Petitioner's belief to the contrary, appellate counsel did argue *Booker* error on direct appeal. [Dkt. No. 80 at 4]. Nevertheless, Petitioner seems to believe that appellate counsel should have invoked *Booker* specifically to attack the sentencing court's finding of obstruction of justice, and its finding that Petitioner's offense involved more than 1,000 kilograms of marijuana. [Dkt. No. 83 at 7]. However, as already mentioned, the sentencing court did not enhance Petitioner's sentence based on obstruction of justice, and, indeed, it was the *jury* that determined the quantity of marijuana involved in Petitioner's offense. Thus, *Booker* is wholly inapplicable.

---

[1] Within this same claim, Petitioner also argues that counsel should have argued at *trial* that he was not involved in a shooting which occurred at the location where the 700 pound marijuana load was discovered. [Dkt. No. 83 at 6]. It is not altogether clear how this assertion fits into Petitioner's third ineffective assistance claim, but, in any event, counsel made very clear to the jury that it was not to consider the shooting incident in determining Petitioner's guilt for the respective drug offenses. [Trial Tr. Vol. 2 at 182]. Petitioner also faults counsel for failing "to question the officer who made the arrest [as to] whether he was wearing any gloves before he arrested [Petitioner,] if the officer had discharged his gun prior to arresting [Petitioner,] or if any officer at the county jail was wearing gloves during the booking process, or if any of them had discharged a weapon before going on duty." [Dkt. No. 83 at 6]. Petitioner fails to suggest how counsel's failure to ask these question prejudiced him, or how they otherwise fit into his third ineffective assistance claim. As such, this language will be treated as non-cognizable surplusage and, thus, ignored.

### E.  Appellate Counsel's Failure to Apply for a Writ of Certiorari

Petitioner lastly argues that he suffered ineffective assistance by way of appellate counsel's failure to file an application for writ of certiorari with the Supreme Court following the Fifth Circuit's affirmation of Petitioner's conviction and sentence.

When an attorney fails to file a notice of appeal upon request, the defendant suffers ineffective assistance of counsel, regardless of whether the basis for appeal would have had merit. *Peguero v. United States*, 526 U.S. 23, 28 (1999) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). There are at least two reasons why this axiom is inapposite here.

First, Petitioner does not claim, nor does he even suggest, that he *asked* his attorney to file an application for certiorari with the Supreme Court. Second, the Fifth Circuit has already established that an inference of ineffective assistance does not arise from the denial of *discretionary* review; rather, "[t]he Supreme Court itself has . . . found the argument that a state should provide counsel to one petitioning the [Supreme] Court to be 'unsupported by either reason or authority.'" *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000) (quoting *Ross v. Moffitt*, 417 U.S. 600, 610 (1974)); *see also id.* ("Due process . . . require[s] the appointment of effective counsel for a criminal appellant [only when] pursuing a first appeal of right."); *United States v. Sawyer*, 2005 U.S. Dist. Lexis 18405, 6-7 (E.D. Pa. 2005) ("Unlike the direct appeals process, review by the Supreme Court is discretionary, and there is no constitutional right to counsel to pursue discretionary review . . . ."). Thus, Petitioner "cannot claim that counsel's error deprived him of a proceeding for which no right to counsel exists." *Id.* "Because there is no constitutional right to counsel for discretionary appeals," the Court "need not analyze this claim under *Strickland*." *Clark*, 227 F.3d at 283.

### III.   CONCLUSION

Petitioner's Motion to Proceed *In Forma Pauperis* is **DISMISSED** as moot. Further, because it is clear from Petitioner's Motion, and the governing law, that Petitioner is not entitled to relief, his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**. Should Petitioner seek a certificate of appealability, such is **DENIED**.

IT IS SO ORDERED.

Done this 13th day of August, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**